7 F.3d 227
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
Willie James MURPHY, Jr., a/k/a Willie, Defendant-Appellant.
 No. 92-5552.
 United States Court of Appeals,
Fourth Circuit.
 Submitted: February 10, 1993.
Decided: September 27, 1993.
 
 Appeal from the United States District Court for the Southern District of West Virginia, at Charleston. Charles H. Haden, II, Chief District Judge. (CR-91-2777-2)
 Charles Phalen, Jr., St. Albans, West Virginia, for Appellant.
 Michael W. Carey, United States Attorney, R. Brandon Johnson, Assistant United States Attorney, Charleston, West Virginia, for Appellee.
 S.D.W.Va.
 AFFIRMED.
 Before WIDENER, WILKINSON, and LUTTIG, Circuit Judges.
 PER CURIAM:
 
 OPINION
 
 1
 Willie James Murphy, Jr., entered a guilty plea to one count of conspiracy to distribute crack cocaine (21 U.S.C.A.s 846 (West Supp. 1992)). He appeals the sentence he received, alleging that the district court erred in finding that he obstructed justice, and in denying him a continuance to obtain further medical tests. He also contends that the district court failed to recognize its authority to depart downward for significantly reduced mental capacity resulting from a physical problem. We affirm.
 
 
 2
 When he was arrested, Murphy identified himself as Robert Goulet Carey. He continued to use this name in his first appearance before the federal magistrate judge, and produced a birth certificate for Carey. As a result, Murphy was mistakenly placed in a juvenile facility for a time. At his detention hearing, Murphy persisted in using the name Carey; however, an FBI fingerprint check identified him as "Jerry Robinson," an adult. Murphy was then moved to a different facility. Murphy finally gave his true name at his arraignment over a month later. The sentencing court found that Murphy had made a conscious choice to attempt to hide his identity, and gave him a two-level adjustment for obstruction of justice. United States Sentencing Commission, Guidelines Manual, § 3C1.1 (Nov. 1991).
 
 
 3
 Because Murphy did more than provide a false name at his arrest, but continued his deception into the judicial proceedings, the district court's determination is not clearly erroneous. The commentary to section 3D1.1 authorizes the adjustment for a defendant who provides false documents in a judicial proceeding or who provides materially false information to a magistrate judge. U.S.S.G.s 3C1.1, comment. (n. 3(c), (f)). The identity of the defendant is material information because, at the least, not knowing the correct identity of the defendant would inhibit the probation officer in determining his criminal history.
 
 
 4
 We find no abuse of discretion in the district court's denial of Murphy's motion to continue the sentencing hearing to allow for more medical testing. Murphy sought a CAT scan to determine whether several head injuries he had suffered in childhood had left any effects which had so far gone undetected, with the ultimate goal of obtaining a downward departure due to significantly diminished mental capacity. However, the district court had before it the results of an evaluation done at Murphy's request at the Medical Center for Federal Prisoners which was conducted over a month and a half and showed no evidence of significantly diminished mental capacity or significant physical problems. Other evaluations of Murphy were consistent with the Springfield evaluation.
 
 
 5
 The record of the sentencing hearing does not disclose that the district court failed to understand its authority to depart because of diminished capacity resulting from a physical injury. The court found that in this case there was no basis for such a departure.
 
 
 6
 We therefore affirm the judgment of the district court. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the Court and argument would not aid the decisional process.
 
 AFFIRMED